**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

GREGORY L. GOODWIN,

              Plaintiff,

                                                          Case No. 8:17-cv-772-J-JRK

vs.

NANCY A. BERRYHILL,
Deputy Commissioner for Operations
of the Social Security Administration,
performing the duties and functions not
reserved to the Commissioner of
Social Security,

              Defendant.
_____/

# OPINION AND ORDER[1]

## I. Status

Gregory L. Goodwin ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is a result of memory loss from "hepatitis C[ ]complications," "poss[ible] dementia," bipolar disorder, and diabetes. Transcript of Administrative Proceedings (Doc. No. 12; "Tr." or "administrative transcript"), filed July 27, 2017, at 78, 94, 191 (emphasis omitted). On January 22, 2014, Plaintiff filed an application for DIB alleging an onset disability date of December 31, 2013. Tr. at 175-76.[2] Plaintiff's

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 11), filed July 27, 2017; Reference Order (Doc. No. 21), entered December 12, 2017.

[2] Although actually completed on January 22, 2014, see Tr. at 175, the protective filing date of the application is listed elsewhere in the administrative transcript as December 11, 2013, see,

(continued...)

application was denied initially, see Tr. at 78-90, 91, 117, 118-20, and was denied upon reconsideration, see Tr. at 92, 93-111, 122, 123-27.

On January 20, 2016, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 53-77. At the time of the hearing, Plaintiff was fifty-four years old. See Tr. at 56. On March 2, 2016, the ALJ issued a Decision, finding Plaintiff not disabled through the date of the Decision. Tr. at 28-47.

On March 15, 2016, Plaintiff requested review by the Appeals Council of the Decision. Tr. at 23. The Appeals Council then accepted additional evidence consisting of medical records from Dr. Ronald Knaus,[3] dated June 20, 2011 through May 23, 2013. Tr. at 5, 6; see Tr. at 606-15 (medical records). On January 27, 2017, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On March 31, 2017, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff makes three arguments: 1) "the ALJ erred when assessing memory problems, the effect the evidence of memory problems has on the [residual functional capacity ('RFC')] and on the credibility of [Plaintiff], and in the assessment of the

---

[2](...continued)
e.g., Tr. at 78, 94. This does not affect the Court's opinion.

[3]    Dr. Knaus started treating Plaintiff in 2005. Tr. at 606. Dr. Knaus treated Plaintiff for bipolar disorder. See generally Tr. at 606-15.

-2-

consultative examination of Dr. [Steven E.] O'Neal";[4] 2) "the ALJ erred in finding [Plaintiff] less believable, his symptoms less limiting, and his [RFC] greater because of failure to follow Dr. O'Neal's recommendation to follow up with vocational rehabilitation"; and 3) "the ALJ erred in finding [Plaintiff] less believable, his symptoms less limiting, and his [RFC] greater because he lacked insurance to obtain the recommended neuropsychological evaluation." Memorandum of Law (Doc. No. 19; "Pl.'s Mem."), filed November 3, 2017, at 20, 27, 28 (emphasis and some capitalization omitted). On January 12, 2018, Defendant filed a Memorandum in Support of the Acting Commissioner's Decision (Doc. No. 24; "Def.'s Mem.") addressing Plaintiff's arguments. After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned determines that the Commissioner's final decision is due to be reversed and remanded for further administrative proceedings.

## II. The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform

---

[4] Dr. O'Neal is a licensed psychologist, who administered a Wechsler Memory Scale test to Plaintiff on April 22, 2014, at the request of the Florida Department of Health, Division of Disability Determinations. See Tr. at 383-84.

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ engaged in the five-step sequential inquiry. See Tr. at 30-47. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since December 31, 2013, the alleged onset date." Tr. at 30 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: bipolar disorder, generalized anxiety disorder, obesity, diabetes mellitus, and hypertension." Tr. at 30 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 33 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can] perform medium work as defined in 20 [C.F.R. §] 404.1567(c). [Plaintiff] can frequently climb ladders, ropes or scaffolds. [Plaintiff] can have frequent exposure to hazards, such as moving mechanical parts of equipment, tools or machinery. [Plaintiff] can understand, carry out and remember simple, routine instructions in two hour increments sufficiently enough to complete an [eight]-hour work day in an environment with more than occasional interaction with [the] general[ ]public and that does not require satisfaction of production quotas. [Plaintiff] can tolerate occasional changes to the established work setting.

Tr. at 36 (emphasis omitted). At step four, the ALJ relied on the testimony of the VE and found that Plaintiff "is unable to perform any past relevant work." Tr. at 45 (emphasis and citation omitted). At step five, after considering Plaintiff's age ("[fifty-two] years old . . . on the

alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ again relied on the testimony of the VE and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." Tr. at 45-46 (emphasis and citation omitted). Specifically, the ALJ found that Plaintiff can perform the following jobs: "sweeper/cleaner"; "store laborer/warehouse"; and "coach or bus cleaner." Tr. at 46. The ALJ concluded that Plaintiff "has not been under a disability . . . from December 31, 2013, through the date of th[e D]ecision." Tr. at 47 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th

Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

As noted, Plaintiff first challenges the ALJ's assessment of the opinion of Dr. O'Neal—who administered the Wechsler Memory Scale test—and the effect of this assessment on the ALJ's evaluation of Plaintiff's subjective complaints and memory problems, as well as on the RFC. See Pl.'s Mem. at 20-27. Plaintiff's second and third arguments concern the ALJ's consideration of Plaintiff's failure to follow recommended treatment when evaluating Plaintiff's subjective complaints. See id. at 27-29. The undersigned initially discusses the ALJ's assessment of Dr. O'Neal's opinion. Then, Plaintiff's second and third arguments are addressed together.

Plaintiff takes issue with the ALJ's assessment of Dr. O'Neal's opinion on the ground that "[t]he ALJ never considered the Wechsler Memory Scale psychological test results when determining the intensity, persistence and limiting effects of [Plaintiff's] symptoms." Id. at 22 (citation omitted). Plaintiff argues that "[t]his is a failure to consider evidence important to understanding [Plaintiff's] functional abilities, and, therefore, requires reversal." Id. Plaintiff further contends the ALJ incorrectly stated that "Dr. O'Neal relied heavily on subjective reports from [Plaintiff] regarding his symptoms." Id.

Responding, Defendant asserts the ALJ was "not required to discuss in detail every piece of evidence and each sentence within a particular piece of evidence." Def.'s Mem. at

9 (citation omitted). According to Defendant, "Dr. O'Neal, who was clearly aware of the test results, opined Plaintiff was capable of performing simple, routine work, and it was sufficient for the ALJ to consider Dr. O'Neal's opinion as a whole." Id. (citations omitted). As to the ALJ's finding that Dr. O'Neal's opinion was based on Plaintiff's subjective complaints, Defendant asserts that "Plaintiff fails to show the ALJ's finding was prejudicial, given that the substantial evidence . . . supports the ALJ's finding that Plaintiff's memory issues were not disabling." Id.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.3d at 1223.

"When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." Davis v. Astrue, 287 F. App'x 748, 760 (11th Cir. 2008) (unpublished) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)). To reject a claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by

the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

The SSA recently issued new guidance to ALJs about how to evaluate subjective complaints of pain and other symptoms. The SSA has "eliminat[ed] the use of the term 'credibility' from [its] sub-regulatory policy, as [the R]egulations do not use this term." Social Security Ruling ("SSR") 16-3P, 2017 WL 5180304, at *2 (Oct. 25, 2017).[6] "In doing so, [the SSA has] clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." Id. Accordingly, ALJs are "instruct[ed] . . . to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." Id. "The change in wording is meant to clarify that [ALJs] aren't in the business of impeaching claimants' character; obviously [ALJs] will continue to assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." Cole v. Colvin, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original).

Here, as noted above, Dr. O'Neal administered a Wechsler Memory Scale test to Plaintiff on April 22, 2014. See Tr. at 383-84. The test results show Plaintiff's auditory memory and visual memory are "borderline" (in the 7th percentile); his visual working memory is "average" (in the 34th percentile); his immediate memory is "extremely low" (in the 1st percentile); and his delayed memory is "low average" (in the 10th percentile). Tr. at 383

---

[6] There was a prior version of SSR 16-3P in place at the time of the ALJ's Decision. See SSR 16-3P, 2016 WL 1119029 (Mar. 16, 2016). The same relevant language quoted in this Report and Recommendation appears in this prior version. See id. at *1.

(capitalization omitted). Dr. O'Neal opined that these results "suggest mild to moderate difficulties for [Plaintiff] in types of abilities important for effective memory in day-to-day and complex memory tasks." Tr. at 384. Dr. O'Neal diagnosed Plaintiff with "Unspecified Neurocognitive Disorder." Tr. at 384.

The ALJ discredited Dr. O'Neal's diagnosis partially on the grounds that Dr. O'Neal was a one-time examiner and, according to the ALJ, Dr. O'Neal "relie[d] heavily on subjective reports from [Plaintiff] regarding his reported symptoms." Tr. at 31 (citation omitted). The ALJ gave "little weight to the findings of Dr. . . . O'Neal.'" Tr. at 45. The ALJ provided the following explanation:

> Although a licensed psychologist, Dr. O'Neal only had one opportunity to meet with [Plaintiff] prior to rendering his opinion. Dr. O'Neal found [Plaintiff] had mild to moderate difficulties; however, the undersigned has given this opinion little probative weight in that the terms mild to moderate [were] not defined in order to understand the extent of the limitations.

Tr. at 45.

As to Plaintiff's subjective complaints, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible . . . ." Tr. at 37.

Upon review, the undersigned finds the ALJ erred in failing to address the Wechsler Memory Scale test. The ALJ made no mention in the Decision of the Wechsler Memory Scale test. See Tr. at 30-47. Although an ALJ's failure to address certain evidence does not necessarily indicate that it was not considered, here, the ALJ's findings regarding Dr. O'Neal's opinion suggest that the ALJ failed to consider the Wechsler Memory Scale test. For

example, the ALJ inaccurately noted that Dr. O'Neal "relie[d] heavily" on Plaintiff's subjective reports. Tr. at 31. Dr. O'Neal's evaluation report shows that he based his opinions on the results of the Wechsler Memory Scale test. See Tr. at 383-84. There is no indication that Plaintiff discussed his symptoms with Dr. O'Neal, much less that Dr. O'Neal relied on Plaintiff's reports in forming his opinions. See Tr. at 383-84. Further, the ALJ's reason for giving little weight to Dr. O'Neal's opinion (that is, that the opinion did not clarify the extent of Plaintiff's limitations) also suggests the ALJ likely did not consider the Wechsler Memory Scale test as the test results provide a more detailed breakdown of Plaintiff's limitations. See Tr. at 383. Although there is no rigid requirement that the ALJ specifically refer to every piece of evidence, the ALJ's failure to even acknowledge that Dr. O'Neal conducted a Wechsler Memory Scale test constitutes such a broad rejection that judicial review is frustrated. See Dyer, 395 F.3d at 1211.

The ALJ's failure to address the Wechsler Memory Scale test is not harmless. The test results show significant impairment in certain areas of Plaintiff's memory that corroborate Plaintiff's reports about his memory problems. Although Defendant argues substantial evidence supports the ALJ's finding that treatment notes show normal cognitive function, the ALJ did not consider the Wechsler Memory Scale test results in making this finding. The ALJ is entitled to weigh the evidence, but it does not appear that the ALJ even considered the Wechsler Memory Scale test when weighing the evidence related to Plaintiff's memory problems. The Court cannot review an assessment of evidence that was never done by the ALJ. Accordingly, on remand, the ALJ shall reevaluate Dr. O'Neal's report, including the results of the Wechsler Memory Scale test.

Plaintiff also challenges the ALJ's reliance, when evaluating Plaintiff's subjective complaints, on Plaintiff's failure to follow certain recommendations by Dr. O'Neal and Nicole R. Robichaux.[7] See Pl.'s Mem. at 27-29; Tr. 384 (Dr. O'Neal's recommendation that Plaintiff be referred to vocational rehabilitation to determine appropriate training and job skills, consistent with any medical or physical limitations); Tr. at 569 (Ms. Robichaux's recommendation that Plaintiff be referred for neurocognitive testing). If warranted, the ALJ shall reconsider on remand Plaintiff's ability to afford the recommended vocational rehabilitation and treatment. See Dawkins v. Bowen, 848 F.2d 1211, 1213 (11th Cir. 1988) (stating the court "agree[s] with every circuit that has considered the issue that poverty excuses noncompliance [with prescribed medical treatment]" (citations omitted)).

## V. Conclusion

For the foregoing reasons, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

> (A) Reevaluate Dr. Steven E. O'Neal's psychological evaluation report dated April 22, 2014, including the results of the Wechsler Memory Scale test;

---

[7] Ms. Robichaux is an advanced registered nurse practitioner, who treated Plaintiff. The administrative transcript contains treatment notes from Ms. Robichaux dated December 10, 2013 through August 20, 2015. See Tr. at 360-64, 373-77, 380-81, 410-17, 567-70 (duplicates included).

(B) If appropriate, consider whether Plaintiff is unable to afford the vocational rehabilitation recommended by Dr. O'Neal and the neurocognitive testing recommended by Nicole R. Robichaux, ARNP; and,

(C) Take such other action as may be necessary to resolve this matter properly.

2. The Clerk is further directed to close the file.

3. In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** at Jacksonville, Florida on September 7, 2018.

*/s/ James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:
Counsel of record